FILED
12TH JUDICIAL DISTRICT COURT
LINCOLN COUNTY NM
12/29/2016 4:55:23 PM
KATINA WATSON
CLERK OF COURT
Shawnee Sanchez

TWELFTH JUDICIAL DISTRICT COURT
COUNTY OF LINCOLN
STATE OF NEW MEXICO

OSCAR D. GARCIA, as Personal Representative
of the Estate of JOSE EDUARDO GARCIA
RODRIGUEZ, Deceased,

        Plaintiff,

vs.                                          Cause No. **D-1226-CV-2016-00255**

TRANSPORT LOGISTIC CORPORATION d/b/a
REGIO EXPRESS, a Foreign Corporation, and
JOSE ARELLANO,

        Defendants.

## COMPLAINT FOR WRONGFUL DEATH AND NEGLIGENCE

COMES NOW, the Plaintiff, OSCAR D. GARCIA, as Personal Representative of the Estate of JOSE EDUARDO GARCIA RODRIGUEZ, Deceased, by and through his attorney of record, ADAM D. RAFKIN, P.C. (Adam Daniel Rafkin, Esq.), and hereby submits his Complaint for Wrongful Death and Negligence, and in support thereof, would state the following:

### General Allegations

1.    Plaintiff is a resident of the State of New Mexico. Plaintiff was previously appointed as the Personal Representative of the Wrongful Death Estate of his brother, the Decedent, in New Mexico State District Court, Twelfth Judicial District Court Cause No. D-1226-CV-2016-00165 DAB.

1



2. The incident complained of herein occurred within the County of Lincoln, State of New Mexico.

3. Jurisdiction and venue are properly laid in the Twelfth Judicial District Court for the County of Lincoln, in Carrizozo, State of New Mexico.

### Statement of Claim

4. Plaintiff re-alleges all preceding paragraphs of this Complaint as if set forth more fully herein.

5. On or about February 15, 2016, Plaintiff's Decedent, Jose Eduardo Garcia Rodriguez, 21, was traveling on U.S. Highway 70 near Hondo, New Mexico, driving from Roswell, New Mexico, to Ruidoso, New Mexico. Decedent had no illegal drugs or alcohol in his system at the time.

6. Upon information and belief, at that time, Defendant Arellano, who at all times material hereto was employed by Defendant Transport Logistic Corporation d/b/a Regio Express, and acting within the course and scope of his employment, was driving toward Roswell, New Mexico, when he struck Decedent's vehicle in the center lane of the highway, killing him.

7. Defendant Arellano claimed to the investigating officer that he swerved left to avoid Decedent's vehicle, which he claimed was on his side of the highway. This is contrary to the training of commercial truck-drivers, who are taught to turn right to avoid an oncoming collision.

8. The gouge marks from the accident were observed to be in the center lane. Further, all debris from the accident was either in the center lane or in Decedent's side of the highway.

9. The parties, prior to litigation, mutually retained an expert to conduct a "bench-top analysis" of the ECM module in the truck. Based on that analysis, it is apparent that in addition to being negligent by swerving into Decedent's vehicle, as opposed to turning to the right as per Defendant Arellano's training and the standard in the industry, Defendant Arellano was negligent in the following ways:

    A. He had the truck set on cruise control, despite driving on a curvy, mountainous, unlighted highway late at night;

    B. He was speeding at the time of the collision;

    C. He did not apply his brakes until 1-2 seconds after the collision;

    D. He had been "on duty" that day for over 17 hours;

    E. He had driven approximately 15 ½ hours that day;

    F. He had driven roughly 976 miles that day; and

    G. He had driven "over hours" on several of the days immediately preceding the accident.

10. Defendant Arellano otherwise failed to pay attention to the road and conditions as they then existed.

11. Despite being vicariously liable for Defendant Arellano's negligence as set forth above, upon information and belief, Defendant Transport Logistic Corporation d/b/a Regio Express, was aware of Defendant Arellano's "over hours" status at the time of the accident, and failed to restrict his driving to comport with applicable laws and standards in the industry.

12.     Decedent incurred pain and suffering and died as a result of the injuries sustained in the collision. His Estate has incurred lost wages as well.

13.     Defendants' acts or omissions were reckless, wanton, wilful or deliberately indifferent, and therefore warrant the imposition of punitive damages.

WHEREFORE, the Plaintiff, OSCAR D. GARCIA, as Personal Representative of the Estate of JOSE EDUARDO GARCIA RODRIGUEZ, Deceased, prays this Court enter Judgment against Defendants and for the following relief:

A.     Compensatory and consequential damages in an amount to be determined at trial;

B.     Punitive damages in an amount to be determined at trial;

C.     Costs and attorney's fees as allowed by law; and

D.     For such other and further relief as the Court deems just and proper.

**Respectfully Submitted:**

Electronically filed:

*/s/ Adam Daniel Rafkin, Esq., Attorney at Law*
ADAM DANIEL RAFKIN, Esq.
Adam D. Rafkin, P.C.
P.O. Box 1912
Ruidoso, New Mexico  88355
(575) 257-0129/257-0113 Fax
rr@rafkinlaw.com
ATTORNEY FOR PLAINTIFF