FILED
12TH JUDICIAL DISTRICT COURT
LINCOLN COUNTY NM
2/21/2017 2:04:25 PM
KATINA WATSON
CLERK OF COURT
Lisa Willard

TWELFTH JUDICIAL DISTRICT COURT
COUNTY OF LINCOLN
STATE OF NEW MEXICO

OSCAR D. GARCIA, as Personal Representative
of the Estate of JOSE EDUARDO GARCIA
RODRIGUEZ, Deceased,

    Plaintiff,

vs.                              Cause No. D-1226-CV-2016-00255

TRANSPORT LOGISTIC CORPORATION
d/b/a REGIO EXPRESS, a Foreign Corporation,
and JOSE ARELLANO,

    Defendants.

## DEFENDANT JOSE ARELLANO'S ORIGINAL ANSWER TO COMPLAINT FOR WRONGFUL DEATH AND NEGLIGENCE

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Defendant, JOSE ARELLANO, and files his Answer to the Complaint for Wrongful Death and Negligence (hereinafter "Complaint"), and states as follows:

### GENERAL ALLEGATIONS

1. On information and belief, Defendant admits the allegations in paragraph 1 of the Complaint.

2. On information and belief, Defendant admits the allegations in paragraph 2 of the Complaint.

3. On information and belief, Defendant admits the allegations in paragraph 3 of the Complaint.


EXHIBIT B

## **STATEMENT OF CLAIM**

4. The allegations in paragraph 4 do not require a response. To the extent a response is required Defendant incorporates his responses to the preceding 3 paragraphs.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint and therefore denies same. Defendant can only admit that the Decedent was traveling westbound on U.S. Highway 70 near Hondo, New Mexico.

6. Answering paragraph 6 of the Complaint, Defendant admits that he was employed by Defendant Regio Express and that he was in the course and scope of his employment. Defendant further admits, that he was driving eastbound on U.S. Highway 70 towards Roswell, New Mexico. Defendant denies the remaining allegations in paragraph 6 of the Complaint.

7. Answering paragraph 7, Defendant objects to the averments as being overbroad, global and vague. Defendant admits that he was interviewed by the investigating police officer and that he provided his description of the accident. Defendant admits that the Decedent had crossed the center line into eastbound traffic and that Defendant attempted evasive maneuvers. Defendant admits, generally, that under certain conditions when it is otherwise safe to do so, that turning to the right may be a proper evasive maneuver.

8. Answering paragraph 8 of the Complaint, Defendant objects to the term "center lane" as being undefined and unclear. Subject to the objection, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint and therefore denies same.

9. Answering paragraph 9 of the Complaint, Defendant objects that the averments are based upon an improper predicate and assumption of negligence which is denied. Defendant

admits that his attorney and opposing counsel shared to costs of an expert to analyze the ECM Module. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 of the Complaint and therefore denies same.

10. Defendant denies the allegations in paragraph 10 of the Complaint.

11. Defendant denies the allegations in paragraph 11 of the Complaint.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint and therefore denies same.

13. Answering paragraph 13 of the Complaint, Defendant denies that any of his acts or omissions were reckless, wanton, willful or deliberately indifferent, warranting the imposition of punitive damages.

## DEFENSES

1. By way of defense or affirmative defense, Defendant would assert that the Decedent's own comparative fault or negligence was the proximate, producing and actual cause of some or all of the Plaintiff's injuries, damages and losses.

2. By way of defense or affirmative defense, Defendant would show that the accident complained of was caused or contributed to by the negligence of other parties, over whom this Defendant exercised no control, which was the producing, proximate, actual or the sole proximate cause of the incident, damages and losses complained of. Defendant denies that it is liable for the acts or omissions of those parties.

3. Any other averment, allegation or other statement in Plaintiff's Complaint not specifically admitted herein is denied.

4. Defendant demands trial by jury of 12.

3

WHEREFORE, Defendant JOSE ARELLANO, prays for judgment that Plaintiff take nothing in this lawsuit and that the Court award Defendant his costs, reasonable and necessary attorneys' fees, and such other and further relief both at law and in equity to which he may prove himself justly entitled.

Respectfully submitted,

**WINDLE, HOOD, NORTON, BRITTAIN & JAY, LLP**
Chase Tower, Suite 1350
201 East Main Drive
El Paso, Texas 79901
(915) 545-4900
(915) 545-4911 (Facsimile)


By:/s/ Eric M. Brittain
    **ERIC M. BRITTAIN**
    State Bar No.: 11873
    Attorney for Defendant JOSE ARELLANO


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was submitted for e-filing through Odyssey File & Serve and delivered electronically to Adam Daniel Rafkin, Adam D. Rafkin, P.C., P.O. Box 1912, Ruidoso, New Mexico 88355, on this 21st day of February, 2017.

/s/ Eric M. Brittain
**Eric M. Brittain**