# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

OSCAR D. GARCIA,

    Plaintiff,

v.                                                           Civ. No. 17-1032 GJF/CG

TRANSPORT LOGISTICS CORP., et al.,

    Defendants.

## ORDER DENYING REMAND

THIS MATTER is before the Court on Plaintiff's "Opposed Motion to Remand and Memorandum in Support" ("Motion") filed on October 19, 2017. ECF No. 10. Defendant Jose Arrellano ("Defendant Arrellano") responded on November 1, 2017. ECF No. 14. The next day, Defendant Transport Logistics Corporation d/b/a Regio Express ("Defendant TLC/Regio") filed its "Joinder and Adoption of Co-Defendant Jose Arrellano's Response [ECF No. 14] to Plaintiff's Motion for Remand." ECF No. 16. Plaintiff replied on November 14, 2017. ECF No. 18. The Court, having reviewed the record, the parties' briefing, and current law, finds that Plaintiff's Motion is not well taken and must therefore be **DENIED**.

## I. BACKGROUND

On December 29, 2016, Plaintiff, as personal representative of the estate of Jose Eduardo Garcia Rodriguez ("the decedent"), filed suit in the Twelfth Judicial District Court in Lincoln County, New Mexico, alleging counts of wrongful death and negligence against Defendants. Def. Arrellano's Notice of Removal ("Notice"), Ex. A at 1, ECF No. 1. Plaintiff alleges that on February 15, 2016, the decedent was traveling from Roswell, New Mexico, to Ruidoso, New Mexico, when Defendant Jose Arrellano, who was traveling in the opposite direction, negligently struck and killed him with his tractor trailer in the center lane of US Highway 70. *Id.*, Ex. A at 2.

1

Plaintiff further contends that at the time of the incident, Defendant Arrellano was acting within the course and scope of his employment with Defendant TLC/Regio. *Id.* Under the theory of vicarious liability, Plaintiff advances demands against Defendant Arrellano and Defendant TLC/Regio (collectively, "Defendants"), for: (1) the award of compensatory damages and consequential damages in an amount to be determined at trial; (2) punitive damages in an amount to be determined at trial; and (3) costs and attorney fees. *Id.*, Ex. A at 4. In accordance with Rule 1-008(A)(3) of the New Mexico Rules of Civil Procedure for the District Courts, Plaintiff's complaint alleged no specific monetary amount of damages. *See* NMRA 1-008(A)(3) (2017) ("Unless it is a necessary allegation of the complaint, the complaint shall not contain an allegation for damages in any specific monetary amount.").

On October 13, 2017, Defendant Arrellano removed this case to federal court and Defendant TLC/Regio separately filed its consent to removal. ECF Nos. 1, 5. In his Notice, Defendant Arrellano admits that he and Defendant TLC/Regio answered Plaintiff's state court complaint on February 21, 2017. Def. Arrellano's Notice 2. Nevertheless, he asserts that "[o]n September 13, 2017, Plaintiff identified an amount [of damages] for the first time, triggering 28 U.S.C. § 1446(b)(1), giving the Defendants thirty (30) days from receipt of the demand to file a notice of removal." *Id.* at 2. That identification came through an email, which reads in relevant part:

> One last thing occurred to me; if it turns out there is really just the one $1,000,000.00 policy, I think we would just make a demand for it. Even with some comparative fault on the part of Jose, the value of the case exceeds $1,000,000.00 many times over; there probably wouldn't be much to mediate if there's really just a [one million dollar] policy.

*Id.*, Ex. D. Based on that email of September 13, 2017, Defendant Arrellano initiated removal. *See* ECF No. 1; 28 U.S.C. § 1446(b)(1) (2012).

2

## II. PARTIES' ARGUMENTS

Plaintiff urges the Court to remand the instant matter to state court, arguing that removal is untimely. Plaintiff contends that his state complaint was sufficient to put Defendants on notice that the removal requirements were met as to diversity and amount in controversy, and consequently, the thirty-day period for Defendants to remove was triggered upon the filing of the complaint. *See* Pl.'s Mot. 5-6, ECF No. 10.

Defendants respond that Plaintiff's Complaint is ambiguous as to the amount of damages sought. Def. Arrellano's Resp. 2, ECF No. 14. Defendants further argue that because Plaintiff's intention to seek an amount in excess of the jurisdictional minimum of $75,000 was not made unambiguously clear until September 13, 2017, the period for initiating removal was not triggered until that date.

## III. LEGAL STANDARD

"A case originally filed in state court may be removed to [this] court if, but only if, 'federal subject-matter jurisdiction would exist over the claim.'" *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1023 (10th Cir. 2012) (citation omitted). "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (2012).

A case may be removed to federal court on the basis of a federal question, i.e., "an action arising under the Constitution, laws, or treaties of the United States." *Id.* § 1331. In addition, a case may be removed on the basis of diversity jurisdiction. The federal district court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States." *Id.* § 1332(a)(1).

Title 28, United States Code, Section 1446 governs the procedure to remove an action to federal court. It states in pertinent part that "[a] defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States . . . a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." *Id.* § 1446(a). The statute further directs that:

> within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

*Id.* § 1446(b)(1). However, "if the case stated by the initial pleading is not removable," the defendant must remove the action to federal court "within 30 days after receipt . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

## IV. ANALYSIS

The question before this Court is when Defendants could first ascertain that this case was properly removable. *See id.* Or, put another way, did the thirty day deadline to file the notice of removal begin to run with the filing of Plaintiff's state court complaint or upon defense counsel's receipt of Plaintiff's demand email on September 13, 2017? Based on Tenth Circuit precedent, the Court concludes the latter to be true.

In reaching this decision, the Court recognizes that the Tenth Circuit is "very strict in assessing whether the grounds for removal are ascertainable" and that there must be "a specific allegation that damages exceed the federal jurisdictional amount of $75,000." *Paros Props. LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1269 (10th Cir. 2016). "The 30-day clock does not begin

to run until the plaintiff provides the defendant with 'clear and unequivocal notice' that the suit is removable." *Id.* (citing *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998)). In *Paros*, the Tenth Circuit discussed a number of court decisions where the complaint or "other paper" did not provide unequivocal notice of the right to remove and/or where the pertinent allegations consisted of generalities. *See id.* The *Paros* Court noted that the use of ambiguous language in those pleadings left the defendant to "only guess as to whether the claim exceeded $75,000." *Id.* at 1269-70.

Just as in *Paros*, the Defendants in the instant matter were left to guess whether the instant claim exceeded $75,000 until the transmission of Plaintiff's counsel's email, or "other paper," on September 13, 2017. Although Plaintiff would now have this Court consider the amount in controversy to be facially apparent based on non-precedential cases from outside this Circuit and the undeniably serious nature of the claims themselves, *see* Pl.'s Mot. 4-5, Tenth Circuit precedent disallows the Court from doing so, just as it disallowed Defendants to infer a removable amount in controversy unless and until "a specific allegation" of damages exceeding $75,000 was made. *See Paros,* 835 F.3d at 1269.

Here, the grounds for removal only became ascertainable through clear and unequivocal notice when Defendants' counsel received Plaintiff's counsel's email on September 13, 2017. Defendant Arrellano's notice, filed thirty days later on October 13, 2017, was timely, and this case is now properly before the U.S. District Court.

V.     **CONCLUSION**

For the reasons articulated above, the Court **HEREBY DENIES** Plaintiff's "Opposed Motion to Remand and Memorandum in Support" [ECF No. 10].

**IT IS SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE
*Presiding by Consent*